IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-MC-31-RJ

| | | |
|---|---|---|
| KENNETH L. MOON, JR.,<br>*Individually and in his official capacity*,<br><br>Movant,<br><br>v.<br><br>LATIFAH ALATTAS,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <u>ORDER</u> |

This matter comes before the court on Kenneth L Moon Jr.'s ("Movant") motion to compel Latifah Alattas ("Alattas") to respond to a subpoena to produce documents. [DE-1]. The discovery at issue relates to a personal injury action pending in the Middle District of North Carolina to which Alattas is a non-party. *See Aminah Bradford v. Kenneth L. Moon, Jr. and Daily Express, Inc.*, 1:25-CV-1158-LAF-LPA ("Middle District Action"). No response to the motion has been filed, and the time to do so has expired. For the reasons that follow, the motion to compel is allowed.

## I. Legal Standard

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham*

*Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D. at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv).

"In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)); *Eshelman*, 2017 WL 5919625 at *4. The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source. *See* 9A Wright & Miller, Fed. Practice & Procedure § 2463.1 (3d ed.) (collecting cases); *Spring v. Bd. of Trs. of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citation omitted); *see*

*U.S. Equal Emp't Opportunity Comm'n v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *3 (E.D.N.C. July 6, 2017) (citing *Papanicolas v. Project Execution & Control Consulting*, LLC, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. Mar. 17, 2015)) (noting that "[t]he burden of proving that a subpoena is oppressive is on the party moving to quash"); *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016) ("[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted.") (citation omitted).

A person commanded to produce documents or tangible things in response to a subpoena may serve written objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The objections must be served before the earlier of the time specified for compliance with the subpoena or fourteen days after the subpoena is served. *Id.* The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections. *Long v. City of Concord*, No. 5:21-CV-201-D, 2022 WL 16916368, at *2 (E.D.N.C. Nov. 14, 2022); *Robinson v. C&B Tax, Inc.*, No. 4:21-MC-2-RJ, 2021 WL 5632086, at *4 (E.D.N.C. Nov. 19, 2021); *Crescom Bank v. Terry*, No. 2:12-CV-63-PMD, 2017 WL 2880866, at *6 (D.S.C. July 6, 2017); *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2014 WL 3496514, at *4 (D.S.C. July 14, 2014) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)); *see e.g.*, *Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena.). Some courts have held that the failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown. *In re Motorsports Merch. Antitrust Lit.*, Civ. A., 186 F.R.D. 344, 349 (W.D. Va. 1999); *Bell, Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014) (citations omitted); *Concord Boat Corp.*, 169

F.R.D. at 48 (collecting cases). Examples of such unusual circumstances and good cause have included where a subpoena is overbroad on its face, a subpoena that imposes significant expense on a nonparty acting in good faith, or where there has been contact between counsel for the subpoenaed party and the subpoenaing party prior to the challenge to the subpoena. *See Robinson*, 2021 WL 5632086, at *4; *In re Motorsports Merch. Antitrust Lit.*, 186 F.R.D. at 349 (citations omitted); *Concord Boat Corp.*, 169 F.R.D. at 48.

## II. Discussion

Movant, who is a defendant in the Middle District action issued a subpoena to Alattas seeking communications, documents, photographs, and videos in her possession, custody, or control concerning Bradford's physical health, mental health, cognitive function, daily activities, employment, or capabilities from January 2018 to present. Mem. [DE-2] at 3; Subpoena [DE-1-1]. Movant asserts these documents are directly relevant to Bradford's alleged injuries, causation, damages, employability, mitigation, and claimed loss of employment and employment opportunities in the Middle District action. Mem. [DE-2] at 8–9. Alattas appears to reside in Nashville, Tennessee, but compliance was sought by email or U.S. Mail to Movant's counsel in Raleigh, North Carolina, *see* Subpoena [DE-1-1], which is in this district. Thus, the motion to compel was appropriately filed in this district. Fed. R. Civ. P. 45(d)(2)(B)(i).

The subpoena was served on Alattas by certified mail on April 20, 2026, [DE-1-2], with a compliance date of May 15, 2026, Subpoena [DE-1-1], which was subsequently extended to June 15, 2026, in an effort to obtain her voluntary compliance, [DE-1-4]. Bradford also received notice of the subpoena and on April 29, 2026, served the following objections on Movant[1]: the subpoena would require the disclosure of privileged or other protected matter, would subject the non-parties

[1] It does not appear that these objections were filed in the Middle District action.

to an undue burden or expense, and are otherwise unreasonable and oppressive; the information sought by the subpoena is irrelevant to the parties' claims and would require the non-parties to divulge confidential business information which is not necessary to the adjudication of the issues in this matter; and the subpoena is designed for the purpose of harassing, embarrassing, and annoying Bradford and Alattas. [DE-1-3]. The motion to compel was filed on September 16, 2026, and was served on Bradford and Alattas, but neither responded to the motion.

The court has reviewed the subpoena and, based on what has been presented to the court in support of the motion, finds that it was properly served, it seeks documents within the scope of permissible discovery, and there is no evidence it was served for an illegitimate purpose or it would cause unreasonable burden or expense. Furthermore, because Alattas has failed to object to the subpoena, any objection has been waived. *See Long*, 2022 WL 16916368, at *2; *Robinson*, 2021 WL 5632086, at *4; *Crescom Bank*, 2017 WL 2880866, at *6; *Wellin*, 2014 WL 3496514, at *4. Finally, Bradford's objections are insufficient to defeat the motion to compel because only the respondent may serve objections, *see* Fed. R. Civ. P. 45(d)(2)(B); Bradford was required to file a motion to quash, assuming she had standing, or otherwise seek a protective order under Rule 26(c). *See Jones v. Campbell Univ., Inc.*, No. 5:20-CV-29-BO, 2020 WL 4451173, at *2 (E.D.N.C. Aug. 3, 2020); *Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 442 (E.D. Va. 2018) ("A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash.") (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)). In addition to being procedurally deficient, Bradford's objections are general and conclusory and fall far short of the particularized showing required. *See Mainstreet Collection, Inc.*, 270 F.R.D. at 240.

Accordingly, the motion to compel is allowed. Movant shall serve this order on Alattas, who shall, within fourteen (14) days of being served with this order, respond to the subpoena and produce (1) all nonprivileged documents responsive to the subpoena; (2) documents as kept in the ordinary course of business or organized and labeled to correspond to the subpoena's categories, and electronically stored information in the requested or another reasonably usable form; and (3) serve a Rule 45(e)(2)(A) privilege log for any material withheld on the basis of privilege.

**III. Conclusion**

For the reasons stated above, the motion to compel, [DE-1], is allowed.

So ordered, the 26th day of October, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge